UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAFAEL CUEVAS,

    Petitioner,

v.

KEVIN R. CHAPPELL,

    Respondent.

Case No. 12-cv-01161-YGR  (PR)

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND SETTING BRIEFING SCHEDULE**

# INTRODUCTION

Petitioner Rafael Cuevas, a state prisoner, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss on the ground that the petition is time-barred under 28 U.S.C. § 2244(d), the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 19. Respondent also moves to dismiss certain claims in the petition on the additional ground that they are procedurally barred from review. Petitioner filed an opposition to the motion. Dkt. 23. Respondent filed a reply. Dkt. 24.

Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss the entire petition as untimely without prejudice to refiling, and sets a new briefing schedule below.

# BACKGROUND

On May 28, 2008, a San Francisco County jury convicted Petitioner of second degree murder, enhanced for personal use of a deadly weapon. Dkt. 16-2 at 51-53; *see* Cal. Penal Code §§ 187, 12022(b)(1). The trial court sentenced Petitioner to sixteen years to life in state prison. Dkt. 16-2 at 53.

On August 26, 2010, the California Court of Appeal affirmed the judgment. *Id.* at 51.

On December 1, 2010, the California Supreme Court denied review. *Id.* at 38.

On February 24, 2012 (date of declaration of service to prison authorities for "legal mailing"), Petitioner filed a document entitled, "Motion for Stay and Abeyance." Dkt. 1. He

requested a stay of these proceedings to return to state court and exhaust his state court remedies. *Id.*

On April 25, 2012,[1] Petitioner constructively filed the instant petition in this Court, raising ten claims. Dkt. 4. Petitioner filed another request for a stay in order to exhaust remedies, specifically as to seven of his ten claims. Dkt. 5.

On May 7, 2012, the Court granted Petitioner's request to stay proceedings. Dkt. 6.

Petitioner returned to state court and filed state habeas petitions in the state superior, appellate and supreme courts, respectively, commencing on or about September 17, 2012, with the filing of his state superior court petition and concluding on February 12, 2014, with the denial of his state supreme court petition. Dkt. 14 at 2; Dkt. 16-2 at 2, 42-47; *see* Dkts. 7-13.

After pursuing collateral review in state court, Petitioner returned to this Court on February 12, 2014 and filed a request to lift the stay. Dkt. 14.

On February 28, 2014, the Court directed Petitioner to file an amended petition "which incorporates the newly-exhausted claims he intends to raise in federal court." Dkt. 15 at 2.

On April 7, 2014, Petitioner filed an amended petition. Dkt. 16.

On April 23, 2014, the Court lifted the stay and issued an order to show cause. Dkt. 17.

On June 27, 2014, in lieu of an answer, Respondent filed the aforementioned motion to dismiss. Dkt. 19.

On August 28, 2014, Petitioner filed an opposition to the motion to dismiss. Dkt. 23.

On September 5, 2014, Respondent filed a reply. Dkt. 24.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners

---

[1] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). Petitioner claims he submitted his petition to "housing staff" for "legal mailing" on April 25, 2012. Dkt. 14 at 23. For the purposes of this discussion, the Court deems his petition as filed on that date. *See Saffold*, 250 F.3d at 1268.

challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file her federal habeas petition within one year of the date her process of direct review came to an end. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether she actually files such a petition or not. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, the California Supreme Court denied review on December 1, 2010. The judgment became final for purposes of the AEDPA statute of limitations ninety days later, on March 1, 2011. *See id.* The one-year limitations period, therefore, began to run on that date. As such, Petitioner had until March 1, 2012 to file the instant petition. *See* 28 U.S.C. § 2244(d).

In his opposition, Petitioner argues that he commenced this instant action by filing a motion for stay and abeyance on February 24, 2012,[2] and that his motion was timely filed because

---

[2] The Court further notes that it matters not that the Court *granted* Petitioner's motion to stay proceedings while he exhausted his state court remedies. No determination was made as to

3

1  the limitations period had not yet expired. Dkt. 23 at 1. The record shows that Petitioner did file
2  the aforementioned motion on February 24, 2012; however, the Clerk of the Court directed him to
3  file a petition within thirty days or his action would be dismissed. Dkt. 3. Petitioner then filed a
4  petition on April 25, 2012. Dkt. 4.

5  Contrary to Petitioner's claim, there was no timely *petition* pending on February 24, 2012,
6  the date that this action commenced. As mentioned above, Petitioner had only filed a motion for a
7  stay and abeyance, which cannot be considered a petition. Specifically, a petition for a writ of
8  habeas corpus must: "1) specify all the grounds for relief available to the petitioner; (2) state the
9  facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly
10 handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized
11 to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule
12 2. Petitioner's motion for a stay and abeyance did not meet the above requirements. Petitioner
13 could have remedied his situation by filing a "protective" petition along with his motion for stay
14 and abeyance, but he did not do so. *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (Prisoners
15 may avoid the risk of having the federal statute of limitations expire while they are exhausting
16 their state remedies by filing a "protective" petition in federal court and asking the federal court to
17 stay and abey the federal habeas proceedings until state remedies are exhausted.) (internal
18 quotation marks and citation omitted). As such, no petition was pending at the time the present
19 action commenced on February 24, 2012. Therefore, at that time it was not a "pending" case for
20 habeas corpus relief and it did not toll the limitations period because his initial filing did not
21 constitute a challenge to his conviction. *Cf. Woodford v. Garceau*, 538 U.S. 202, 210 (2003)
22 (request for counsel in capital case is not equivalent to an actual habeas petition for purpose of
23 determining whether AEDPA applies); *see also Braggs v. Walker*, 2011 WL 2709847, *2 (N.D.
24 Cal. 2011) (although the filing of a letter and request for an extension of time commenced the
25 federal action, the filing did not constitute a "pending" habeas petition, and thus the limitations
26 period was not tolled); *Miles v. Grounds*, 2013 U.S. Dist. LEXIS 74712, **10-11 (E.D. Cal. 2013)

---

28 the timeliness of any forthcoming petition; therefore, the Court finds unavailing Petitioner's argument that its grant of the stay implied that the petition being stayed was timely.

1  (petitioner's correspondence with court and motions for extensions of time "cannot be considered
2  petitions for writ of habeas corpus" for purposes of tolling limitations period); *Alexander v. Uribe*,
3  2012 U.S. Dist. LEXIS 97119, **4-5 (E.D. Cal. 2012) (petitioner's motion for extension of time
4  commenced action, but it did not challenge the merits of his conviction, thus district court
5  considered whether action is timely based on date petitioner filed his *petition* rather than
6  aforementioned motion); *Scott v. Swarthout*, 2012 U.S. Dist. LEXIS 95471, *22 (E.D. Cal. 2012)
7  (petitioner's "motion to toll time" did not toll limitations period).  Accordingly, the Court
8  considers whether this action is timely based on the date Petitioner filed his petition—on April 25,
9  2012—rather than on the date he filed his motion for stay and abeyance.  *See id.*

As mentioned above, Petitioner had until March 1, 2012 to file a timely petition. Therefore, the instant petition filed on April 25, 2012, almost two months after the limitations period had expired, is untimely absent tolling.

## I. STATUTORY TOLLING

AEDPA's one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  Tolling applies to one full round of collateral review.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Here, the record shows that Petitioner started his round of state collateral review by filing his first state supreme court petition on September 17, 2012.  However, as mentioned above, the one-year limitations period had expired more than six months earlier—on March 1, 2012.  A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petitions filed between 2012 and 2014 do not revive the limitations period that has already run.  Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to equitable tolling.

## II.    EQUITABLE TOLLING

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling, however, is unavailable on most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.*  Thus, petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted).  Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 560 U.S. at 655 (quoting *Pace*, 544 U.S. at 418); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

 Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas application in a

timely manner, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Finally, a development of the record may be required before a district court can determine whether a petitioner is entitled to equitable tolling. For example, in *Laws v. Lamarque*, the Ninth Circuit reversed the district court's order granting a motion to dismiss because it failed to develop the record in response to Law's claim of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003). The Ninth Circuit found that the allegations of the verified state petition attached to Law's traverse, stating that he was "deprived [] of any kind of cons[ci]ousness" during the period when his petitions should have been filed, may be treated as an affidavit in opposition to the motion to dismiss. *Id.* (*citing McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987)). The Ninth Circuit determined that a district court should not require the petitioner to carry a burden of persuasion at the time he asserts equitable tolling to merit further investigation into the merits of his arguments for tolling. *Id.* at 924. Instead, Ninth Circuit cases require only that there be "circumstances consistent with [the] petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further factual development of the record. *Id.* (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding)). The Ninth Circuit found that the district court erred in granting judgment against Laws based upon the papers before it and that "[i]t [was] enough that Laws 'alleged mental incompetency' . . . in a verified pleading." *Laws*, 351 F.3d at 924 (citations omitted). Therefore, the Ninth Circuit held that Laws was entitled to further factual development or an evidentiary hearing on the issue of whether he was precluded from filing his petition by reason of mental impairment. *Id.*

In the present case, Petitioner alleges that "at the time in question," his limited access to the law library of "an average of less than 3 hours per week" contributed to his delay in filing his

federal petition.[3]  Dkt. 23 at 2.  Upon liberally construing the aforementioned allegation from his verified opposition, it seems that Petitioner has made a conclusory argument that his limited access to the law library entitles him to equitable tolling of the limitations period to offset the two-month delay in filing his federal petition.

Respondent argues that Petitioner is not entitled to equitable tolling due to his limited access of "three hours per week of library time" because "such limitations are not unusual, much less 'extraordinary'."  Dkt. 24 at 3.  Respondent further argues that "Petitioner does not assert that he was otherwise hindered in his ability to work on his petition, for example in his cell."  *Id.*

The existence of an adequate law library does not provide for meaningful access to the courts if the prisoners are not allowed a reasonable amount of time to use the library.  *See Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985).  However, the Constitution does not guarantee a prisoner unlimited access to the law library.  Prison officials of necessity must regulate the time, manner and place in which library facilities are used.  *Id.*  The fact that a prisoner must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts.  *Id.*  Even though the denial of access to a law library is not a clearly established constitutional right which can provide grounds for habeas relief, this does not mean that the lack, or in this case a limitation, of such access cannot be a ground for equitable tolling.  *See Mendoza v. Carey*, 449 F.3d 1065, 1070-71 (9th Cir. 2006) (distinguishing *Kane v. Garcia Espitia*, 456 U.S. 9, 9 (2005) (per curiam)).

In the instant case, it is conceivable that equitable tolling might be warranted because Petitioner claims he was prevented from preparing a timely petition due to his limited access to the

---

[3] Petitioner also argues that he is entitled to equitable tolling because he is "a layman, filing in *pro se*, involved in litigation for the first time in his life," and "[t]he clerk's transcript on appeal is quite voluminous."  Dkt. 23 at 2.  However, ignorance of the law and lack of legal sophistication do not alone constitute extraordinary circumstances warranting equitable tolling.  *Rasberry*, 448 F.3d at 1154 (cataloguing cases from other circuits and holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner insufficient cause to avoid procedural bar); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness and lack of legal training does not justify equitable tolling).  Therefore, Petitioner is not entitled to equitable tolling based solely on the fact that he is a layman without any litigation experience or on his *pro se* status.

law library. The Court finds Respondent did not fully address this issue in his reply to Petitioner's opposition. Respondent merely argues that a limitation of "three hours per week of law library time" is not extraordinary, and that Petitioner was not hindered from working on his petition in his cell. Such an argument is conclusory, and Respondent fails to directly address Petitioner's claim that his limited access to the law library *prevented* him from filing a timely petition. In support of his claim, Petitioner alleges that he was only afforded "an average of *less than* 3 hours per week of access [to] a law library." Dkt. 23 at 2. Respondent has failed to refute Petitioner's allegations that his law library access was so limited during that time. In addition, Petitioner claims that he is a layman with no previous experience in litigation and that his case file was "voluminous." *Id.* As mentioned above, a *pro se* petitioner's lack of legal sophistication is not, *by itself*, an extraordinary circumstance warranting equitable tolling. *Rasberry*, 448 F.3d at 1154. Here, when accompanied with the fact that Petitioner's law library access was limited and his case file was voluminous, such circumstances could arguably be considered "extraordinary." It is important to note that the standard for equitable tolling requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence. *Holland*, 560 U.S. at 649; *Pace*, 544 U.S. at 418. However, the question of Petitioner's diligence is unclear at this time. Petitioner's allegations of limited law library access "[a]t the time in question" makes no reference to the specific time period in which such limitations occurred. Therefore, the Court cannot ascertan on this record whether, during the *relevant* time period, Petitioner exercised the requisite diligence in attempting to gain access to the law library in order to file a timely petition. Therefore, while there could exist circumstances consistent with Petitioner's allegations under which he would be entitled to equitable tolling, further factual development of the record is the appropriate course of action at this time. *Cf. Sossa v. Diaz*, 729 F.3d 1225, 1236-37 (9th Cir. 2013) (holding petitioner's allegations regarding limited law library access may entitle him to equitable tolling, and finding that remand was required to develop record as to whether prison lockdowns and limited library access prevented him from timely filing habeas claim).

    In sum, the Court finds that Respondent has not fully addressed whether Petitioner is entitled to equitable tolling based on his limited access to the law library. In addition, the Court

1    cannot ascertain on this record whether, during the *relevant* time period, Petitioner exercised the

2    requisite diligence to entitle him to equitable tolling. Accordingly, the Court DENIES

3    Respondent's motion to dismiss without prejudice to renewing the motion and addressing the

4    aforementioned equitable tolling issue raised in Petitioner's opposition.[4]

## CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss the petition as untimely (Dkt. 19) is DENIED without prejudice to renewing the motion and addressing the equitable tolling issue set forth above no later than **twenty-eight (28) days** of the date of this Order.  If Respondent chooses to file a renewed motion, Petitioner shall file an opposition, no later than **twenty-eight (28) days** of his receipt of the renewed motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than **fourteen (14) days** of receipt of any opposition.

2. Should Respondent fail to file a renewed motion to dismiss within the twenty-eight-day time frame, Respondent is directed to SHOW CAUSE why the petition should not be granted.  Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **sixty (60) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision sixty days after the date Petitioner is served with Respondent's Answer.

---

[4] Because the Court has denied Respondent's motion to dismiss as untimely upon determining that the record has not been fully developed as to Petitioner's alleged limited law library access, the untimeliness question has not yet been decided.  As such, the Court need not address the alternative grounds of dismissal of certain claims as procedurally barred because the untimeliness issue should be decided first.

4.      It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5.      Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

6.      Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7.      This Order terminates Docket No. 19.

IT IS SO ORDERED.

Dated: March 17, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge

11